```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
ACCURATE GRADING QUALITY                              :
ASSURANCE, INC., et al.,                              :
                                                      :
                              Plaintiffs,             :   12 Civ. 1343 (KPF) (DF)
                                                      :
              v.                                      :   OPINION AND ORDER
                                                      :
KGK JEWELRY, LLC,                                     :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 7, 2014

KATHERINE POLK FAILLA, District Judge:

Presently before the Court is Plaintiffs' motion to voluntarily discontinue this action without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendant KGK Jewelry, LLC has conditioned its consent to this dismissal upon (i) Plaintiffs' payment of a sanctions award entered by United States Magistrate Judge Debra C. Freeman on June 17, 2014; and (ii) the reimbursement of the attorneys' fees and costs incurred by Defendant in defending this action over the past 14 months. For the reasons set forth in this Opinion, Plaintiffs' motion to discontinue the action without prejudice is granted, and Defendant's request to impose conditions upon that dismissal is denied.

## BACKGROUND

The factual background of this action is set forth in the Court's previous decision on the motion to dismiss, as well as Magistrate Judge Freeman's

various Opinions and Orders. (*See* Dkt. #59, 112, 116, 117, 118, 119, 120, 121, 122, 136). Nonetheless, the Court will recount the procedural history relevant to the instant motion.

**A.      Initiation of the Action**

Plaintiffs Accurate Grading Quality Assurance, Inc., and Electronic Sales Dealer Network, Inc. (collectively, "Plaintiffs"), initiated this action on February 22, 2012, against John R. Thorpe and KGK Jewelry, LLC ("KGK"), alleging claims of copyright infringement, misappropriation of trade secrets, unfair competition, and breach of contract arising out of a failed business venture related to the jewelry industry. (Dkt. #1). On March 26, 2013, United States District Judge Andrew L. Carter, the judge then assigned to the case, dismissed all claims against Thorpe and certain claims against KGK; Plaintiffs' claims for misappropriation of trade secrets, unfair competition, and unjust enrichment against KGK survived the motion to dismiss. (Dkt. #59). These claims related to Plaintiffs' contention that KGK had misappropriated Plaintiffs' trade secrets as embodied in their so-called "Playbook," and that the misappropriation had occurred during a failed joint business venture named "NewCo." (*Id.*).

**B.      Discovery**

The parties proceeded thereafter to discovery before Judge Freeman from March 2013 to May 2014. During that time, Plaintiffs sought to amend their complaint; their effort was rebuffed by Judge Freeman in January 2014. (*See* Dkt. #112).

The discovery process was contentious.  Between August 2013 and November 2013, Plaintiffs and their counsel failed to produce certain discovery, in direct violation of Judge Freeman's instructions.  (*See* Dkt. #79, 80, 81, 82, 83, 84, 85, 86).  As a result, on November 5, 2013, Judge Freeman imposed sanctions on Plaintiffs related to their failure to comply with the Court's Orders.  (*See* Dkt. #96).  Defendant sought reimbursement of the $31,100.10 in attorneys' fees and costs it claimed it had incurred as a result of Plaintiffs' noncompliance.  (Dkt. #90).  Plaintiffs subsequently sought reconsideration of Judge Freeman's imposition of sanctions.  (Dkt. #103).[1]

On March 28, 2014, prior to the conclusion of discovery, Plaintiffs retained new counsel.  (Dkt. #129).  Pursuant to this Court's May 2, 2014 Order, pre-motion letters in connection with any motions for summary judgment were to have been filed by May 27, 2014.  (Dkt. #131).  However, on May 22, 2014, the parties jointly notified the Court that Plaintiffs wished to voluntarily discontinue the action, and asked that the summary judgment deadlines be adjourned *sine die.*  (Dkt. #133).  The Court granted their request, and directed the parties to submit letter briefing by May 28, 2014 (Dkt. #134), and June 2, 2014 (Dkt. #135), setting forth their respective positions on Plaintiffs' motion to discontinue.

---

[1] On June 17, 2014, Judge Freeman denied Plaintiffs' motion for reconsideration as untimely and on substantive grounds, and awarded Defendant $4,210 in attorneys' fees.  (Dkt. #136).  Judge Freeman found that the noncompliance was caused equally by Plaintiffs and what was by then Plaintiffs' former counsel, and accordingly ordered that the sanctions award be divided evenly between Plaintiffs and their former counsel.  (*Id.*).  Neither Plaintiffs nor their former counsel has appealed from this decision.

C.   **The Parties' Submissions Concerning the Motion to Discontinue**

Plaintiffs seek to voluntarily discontinue this action because they believe their rights are adequately protected by two other actions arising from common underlying facts, *KGK Jewelry LLC* v. *ESDNetwork et al.*, No. 11 Civ. 9236 (LTS) (RLE) (S.D.N.Y.), and *Accurate Grading Quality Assurance Inc., et al.* v. *KGK Group, et al.*, No. 12 Civ. 9130 (LTS) (RLE) (S.D.N.Y.).  (Dkt. #134 at 1 n.1). Defendant, by contrast, contends that it will only consent to the voluntary dismissal of this action if that dismissal is conditioned upon (i) Plaintiffs' payment of the sanctions awarded by Judge Freeman; and (ii) the imposition of attorneys' fees and costs to compensate Defendant for expenses incurred throughout discovery.

## DISCUSSION

A.   **Plaintiffs' Motion to Voluntarily Discontinue the Action Without Prejudice Is Granted**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, except where all parties agree to a stipulation of dismissal, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2). It is for this reason that voluntary dismissal without prejudice "is thus not a matter of right."  *Zagano* v. *Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

"Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper."  *Camilli* v. *Grimes*, 436 F.3d 120, 123 (2d Cir. 2006).  "One line indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal

4

prejudice other than the mere prospect of a second lawsuit.'" *Id.* (citing *Cone* v. *West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Jones* v. *S.E.C.*, 298 U.S. 1, 19 (1936)). The second line involves consideration of the so-called *Zagano* factors, including: (i) "the plaintiff's diligence in bringing the motion"; (ii) "any 'undue vexatiousness' on plaintiff's part"; (iii) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial"; (iv) "the duplicative expense of relitigation"; and, finally, (iv) "the adequacy of plaintiff's explanation for the need to dismiss." *Id.* (citing, *inter alia*, *Zagano*, 900 F.2d at 14).

As a preliminary matter, Defendant has offered no "plain legal prejudice" that would result from dismissal of this action. It is well established that "the mere prospect of a second litigation upon the subject matter" does not constitute legal prejudice. *Jones*, 298 U.S. at 19. Accordingly, the Court proceeds to consider the factors implicated by *Zagano*. Each of these factors weighs in favor of dismissal.

First, Plaintiffs brought this motion less than two months after retaining new counsel. *See Levit* v. *May Dep't Stores Int'l Inc.*, No. 02 Civ. 6386 (JCF), 2003 WL 1738998, at *1 (S.D.N.Y. Apr. 2, 2003) (dismissing case without prejudice where "plaintiffs were prompt in seeking dismissal. They filed this action in August 2002, and their first attorney withdrew in December 2002. New counsel appeared in the action in February 2003, and immediately submitted the [voluntary dismissal motion]."); *Jules* v. *Robertson*, No. 13 Civ. 2228 (PAE), 2013 WL 3963680, at *2 (S.D.N.Y. Aug. 1, 2013) (plaintiffs were

5

diligent where new counsel brought voluntary dismissal motion within two months of retention); *see also In re Solv-Ex Corp. Sec. Litig.*, 62 F. App'x 396, 398 (2d Cir. 2003) (summary order) (affirming dismissal where "plaintiffs did not delay in bringing the [voluntary dismissal] motion").

Second, the record does not reveal undue vexatiousness on Plaintiffs' part in bringing this motion. Instead, the record indicates that upon retention, Plaintiffs' new counsel undertook a sober appraisal of the claims raised here and in the related actions, and determined that this action could be dismissed. Moreover, Defendant's arguments regarding bad faith fall flat for the reasons discussed throughout this Opinion, and any bad faith occasioned by Plaintiffs' previous discovery abuses has already been sanctioned by Judge Freeman.

Third, there is no doubt that the case has progressed. There remains one deposition in fact discovery, and the parties were only days away from the deadline to submit pre-motion letters in preparation for summary judgment. (*See* Dkt. #134 at 1). There is, however, no indication in the record that either party had begun drafting the pre-motion letters or motion papers, and the Court has not set either a trial date or a schedule for pretrial submissions. *See Hahn* v. *Bank of Am. Inc.*, No. 12 Civ. 4151 (DF), 2014 WL 1285421, at *11 (S.D.N.Y. Mar. 31, 2014) (granting voluntary dismissal motion without prejudice where "although this case has progressed to the point where discovery is complete, Defendant does not suggest that it has expended a large amount of time, effort, or expense in needless discovery, and the Court has not yet set a trial date or a deadline for pretrial submissions"). Thus, while the

6

case has been pending for more than two years, it is still in the discovery stage. *See S.E.C.* v. *Compania Internacional Financiera S.A.*, No. 11 Civ. 4904 (JPO), 2012 WL 1856491, at *6 (S.D.N.Y. May 22, 2012) (concluding that case had not progressed too far to preclude voluntary dismissal without prejudice since "the parties have not successfully completed discovery").

Fourth, while there would be some duplicative expense in relitigation, should Plaintiffs reopen this action, the parties could likely "pick up" where they left off by completing the remaining deposition and proceeding to summary judgment. Although both parties have expended time and resources in discovery, Plaintiffs have indicated that they believe at least some of it would be useful for the other actions. (Dkt. #134 at 1-2). *See United States* v. *Cathcart*, 291 F. App'x 360, 362 (2d Cir. 2008) (summary order) (expense of relitigation mitigated since "much of the work product may be used in any future litigation"); *Jules*, 2013 WL 3963680, at *2 ("Should plaintiffs re-file the case, it is likely that the discovery already obtained can be used to avoid duplicative expenses." (internal citation omitted)). In addition, if Plaintiffs' claims are as meritless as Defendant believes them to be, it will be able to "re-group and re-assert [its] argument, if, and when the action were to be brought again in the future." *Harlem Teams for Self-Help, Inc.* v. *Abyssinian Baptist Church*, 189 F.R.D. 284, 286 (S.D.N.Y. 1999).

Fifth and last, the Court finds Plaintiff's explanation to be adequate. Plaintiffs wish to end this litigation but avoid a preclusive effect in the related actions. *See Catanzano* v. *Wing*, 277 F.3d 99, 110 (2d Cir. 2001) ("Plaintiffs'

explanation, that they have brought the motion in order to facilitate an end to the litigation but that they wish to avoid preclusive effects of the district court's ruling on this claim, is adequate.").[2] The fact that this motion was promptly raised upon retention of new counsel, and prior to the deposition of a key fact witness and the completion of a costly summary judgment process, demonstrates that Plaintiffs have not brought this motion in bad faith. In short, each of the *Zagano* factors weighs in favor of dismissal. Accordingly, Plaintiffs' motion to voluntarily discontinue the action without prejudice is granted.

### B.      Defendant's Requests for Sanctions and Conditional Dismissal Are Denied

The Court now turns to Defendant's proposed "conditions" of dismissal, namely that (i) dismissal be conditioned upon Plaintiffs' payment of the sanctions fee awarded by Judge Freeman; and (ii) Plaintiffs reimburse Defendant reasonable attorneys' fees, pursuant to the Court's inherent sanctions power under 21 U.S.C. § 1927, or Rule 41 of the Federal Rules of Civil Procedure. (*See* Dkt. #135 at 1). While "[f]ee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)," the decision of whether to impose fees lies within the discretion of the district court. *Colombrito* v. *Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) (emendations and internal citation omitted). In addition, "[s]anctions under [21 U.S.C. § 1927] may only be imposed "when there is a finding of conduct constituting or akin to bad

---

[2]     Indeed, Plaintiffs' new counsel expressly represents to the Court that Plaintiffs "do not intend on re-filing any of the voluntarily dismissed claims." (Dkt. #134 at 2).

8

faith." *In re 60 East 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (internal citation omitted).  Having considered the arguments raised by Defendant, the Court sees no reason to award fees beyond what has already been awarded.

First, Defendant states that it will consent to dismissal only upon Plaintiffs' payment of the sanctions awarded by Judge Freeman.  (Dkt. #135 at 3-4).  However, Judge Freeman retains jurisdiction to enforce compliance with that Order, and the action need not be held open until payment is received. *See Backo* v. *Local 281, United Bhd. of Carpenters & Joiners of Am.*, 438 F.2d 176, 182 (2d Cir. 1970) (finding that liability for civil contempt order that is compensatory in nature survives beyond the cessation of the action); *Wella Corp.* v. *Wella Graphics, Inc.*, 874 F. Supp. 54, 56 (E.D.N.Y. 1994) ("Under 18 U.S.C. § 401(3), the court is empowered to enforce compliance with its orders through civil contempt.").  In any event, the Court will permit Defendant to reopen this matter within 30 days of the date of this Order if payment is not received.

Second, Defendant seeks attorneys' fees as compensation for its efforts to defend this action after the Court's decision on the motion to dismiss.  (Dkt. #135 at 3-4).  In particular, Defendant contends that Plaintiffs knew as of Judge Carter's March 26, 2013 Opinion that the remaining claims in this action were devoid of merit, and yet pressed ahead for the ensuing year in bad faith.  (*Id.* at 2).  In support of this unusual request, Defendant cites to the December 5, 2013 deposition testimony of Plaintiffs' principal, Steve Yeko, in

9

which Yeko purportedly admits that KGK was "never involved in the NewCo venture, never received a copy of the 'Playbook' and never used any alleged trade secrets contained within it." (*Id.*).

Yeko's deposition transcript, which was appended to Defendant's letter, is not as clear-cut as Defendant represents it to be. For instance, when asked "do you have any knowledge sitting here today, that either Knud [Holstrup, a Danish partner in the NewCo venture], [Allen Bloom, a consultant to KGK,] or KGK, deployed or used the Playbook or the trade secrets contained therein," Yeko replied "I don't know." (Dkt. #135 at 9-10). When asked to confirm that "KGK was not going to be a party of NewCo," Yeko responded "[o]ther than our supplier." (*Id.* at 12). The Court does not interpret this testimony to be an admission that Yeko — and, by extension, Plaintiffs — affirmatively knew that KGK had no involvement in NewCo and had never received a copy of the Playbook. Instead, Yeko's testimony merely establishes that he did not know whether KGK had received a copy of the Playbook; moreover, he did not testify that KGK was "never involved" in NewCo, but only that it was not one of its principals.

On this record, the Court cannot say that Plaintiffs pursued their misappropriation, unfair competition, and unjust enrichment claims against KGK in bad faith. To the contrary, these claims had sufficient merit to survive a motion to dismiss. (*See* Dkt. #59). Moreover, the fact that Plaintiffs did not have substantial or even concrete proof of KGK's misappropriation does not mean that they pursued those claims in bad faith. Defendant also contends

that it is entitled to attorneys' fees as a result of Plaintiffs' dilatory and uncooperative behavior in discovery; however, Judge Freeman has already awarded sanctions as a result of this behavior, and any award beyond that would simply constitute double recovery.  Finally, for the reasons discussed above, any potential expense posed by relitigation is mitigated by the fact that the parties may reuse the discovery conducted herein.  Accordingly, the Court finds that further sanctions, or an award of attorneys' fees and costs, would not be appropriate here.  Thus, Plaintiffs' motion to voluntarily dismiss this action without prejudice is granted, and Defendant's request for additional conditions to be imposed upon that dismissal is denied.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' motion to voluntarily discontinue this action without prejudice is GRANTED.  The Clerk of Court is directed to mark the case as closed, although Defendant may reopen the case within 30 days of the date of this Order if it has not received payment of the sanctions ordered by Magistrate Judge Freeman.

SO ORDERED.

Dated: July 7, 2014
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge